UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-mj-02243-JG

UNITED STATES OF AMERICA

v.

CHRISTOPHER SCOTT VEGA,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
ROBERT J. BRADY, JR.
Assistant United States Attorney
District Court No. A5501703
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9188
FAX (305) 536-4699

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>CHRISTOPHER SCOTT VEGA,<br><br>*Defendant(s)* | Case No. 17mj02243-JG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __12/22/2016 and 02/17/2017__ in the county of __Miami-Dade and Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 846 | Conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers |

This criminal complaint is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joshua Passman, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/18/2017

_____
*Judge's signature*

City and state: Miami, Florida

Jonathan Goodman, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joshua Passman, being first duly sworn, hereby depose and state as follows:

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA) currently assigned to the Miami Field Division. I have been a sworn law enforcement officer since October 2003. As a Task Force Officer, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516(1). I have received comprehensive training in the investigation of narcotics trafficking and money laundering. As a result of this training and after conducting hundreds of narcotic-related investigations, I am knowledgeable in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as the means and methods in which offenders can use residences to facilitate their narcotics trafficking operation. As a DEA Task Force Officer, I have received training in the investigation of violations of the Controlled Substances Act and my duties include the investigation of the distribution of illicit drugs to include violations of Title 21 United States Code Section 841(a) (possession with the intent to distribute a controlled substance) and Title 21 United States Code Section 846 (Conspiracy to possess with intent to distribute a controlled substance).

2. I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from others who were directly involved in the matter or have personal knowledge of the facts herein. The affidavit does not include all the information known to me, but only information sufficient to establish probable cause for the arrest of Christopher Scott VEGA for conspiring with others known and unknown to possess with intent to

distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 846.

3.  In December 2016, a confidential source (CS) informed members of DEA Enforcement Group 13 that Christopher VEGA was distributing large quantities of methamphetamine in Miami-Dade and Broward Counties. The CS introduced an undercover agent (UC) to VEGA. On December 22, 2016, the UC conducted a controlled purchase of one (1) ounce of suspected methamphetamine from VEGA in exchange for $650.00 Official Investigative Funds (OIF). This drug transaction occurred at the Swap Shop located at 3291 W. Sunrise Blvd., Lauderhill, Florida. The suspected methamphetamine purchased from VEGA on this occasion field tested positive for the properties of methamphetamine. Furthermore, based on the training and experience of the law enforcement officers involved with this undercover operation, the methamphetamine appeared to be a very pure form of the drug commonly known as "crystal" methamphetamine.

4.  On January 31, 2017, your Affiant was conducting surveillance on VEGA and observed him leave his residence in Fort Lauderdale, Florida while carrying a backpack. VEGA departed the location of his residence in a red Porsche. Based on observed traffic infractions, as well as VEGA having a suspended driver's license, law enforcement officers conducted a traffic stop on VEGA in Wilton Manors, Florida. A narcotics-detecting canine subsequently alerted to the presence of controlled substances inside the red Porsche driven by VEGA. A search of the red Porsche resulted in the seizure of approximately sixteen (16) grams of suspected methamphetamine inside the backpack that your Affiant observed VEGA carrying when he emerged from his apartment earlier that day. The suspected methamphetamine field tested positive for the properties of methamphetamine. Furthermore, based on your Affiant's training and

experience, the sixteen grams of methamphetamine appeared to be a very pure form of the drug commonly known as "crystal" methamphetamine. Vega was released without incident.

5. On February 8, 2017, Detective Loughran and your Affiant were conducting surveillance on James Everly-Lopez, a known associate of VEGA. Detective Loughran and your Affiant observed Everly-Lopez meet with VEGA in a Walgreens parking lot located at SW 8th Street and SW 8th Avenue in Miami, Florida. During this meeting, Everly-Lopez and VEGA appeared to make an exchange inside VEGA's vehicle. After exiting VEGA's vehicle, VEGA traveled to 862 SW 6th Street, Miami, Florida, which is the apartment building where the residence of VEGA's known source of supply – Lazaro Guevara-Herrera – is located.

6. Several minutes later, VEGA returned to the same Walgreens parking lot and again met with Everly-Lopez. After this meeting, Everly-Lopez and VEGA separately departed the location. Law-enforcement officers from the Metro Dade Police Department and Broward Sheriff's Office subsequently conducted a traffic stop on Everly-Lopez. During the stop, a narcotics-detecting canine alerted to the presence of a controlled substance in Everly-Lopez's vehicle. A subsequent search of the vehicle resulted in the seizure of approximately eleven (11) grams of a substance that field-tested positive for methamphetamine. Furthermore, based on your Affiant's training and experience, the eleven grams of methamphetamine appeared to be a very pure form of the drug commonly known as "crystal" methamphetamine.

7. In a recorded post-*Miranda* statement, Everly-Lopez admitted that he met with VEGA at the Walgreens parking lot for the purpose of purchasing one-half ounce (i.e., about 14 grams) of methamphetamine. Everly-Lopez said when he first met with VEGA at the Walgreens parking lot, he noticed VEGA possessed approximately $3000.00 cash. Everly-Lopez said when VEGA returned from what Everly-Lopez believed was VEGA's source of the supply, VEGA

provided Everly-Lopez with the above-referenced eleven grams of methamphetamine and asked Everly-Lopez to come to VEGA's residence in Fort Lauderdale, Florida to purchase the remaining 3.5 grams of methamphetamine. Everly-Lopez said he was traveling to VEGA's residence in Fort Lauderdale when he was stopped by the police.

8. Based on the above information and facts, your affiant submits there is probable cause to believe that Christopher Scott VEGA conspired with others known and unknown, in the Southern District of Florida, to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 846.

FURTHER YOUR AFFIANT SAYETH NAUGHT

JOSHUA PASSMAN
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me this 18th day of February, 2017

JONATHAN GOODMAN
United States Magistrate Judge
Southern District of Florida

Page 4 of 4